UNITED STATES DISTRICT COURT
FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAKELAND CHRISTIAN SCHOOL, INC.,

              Plaintiff,

vs.                                           Case No.

OSCEOLA CHRISTIAN PREPARATORY
SCHOOL, LLC, and INDIVIDUAL EDUCATION
PLAN ACADEMY, INC.

              Defendants.

_____/

Lakeland Christian School, Inc. brings this action against Osceola Christian

Preparatory School, LLC and Individual Education Plan Academy, Inc., and states:

## PARTIES

1. Lakeland Christian School, Inc. ("Lakeland Christian School") is a Florida

   not for profit corporation headquartered in and doing business in Lakeland,

   Polk County, Florida.

2. Osceola Christian Preparatory School, LLC ("Osceola") is a Florida Limited

   Liability Company doing business under the fictitious name Lakeland

   Christian Preparatory School in Lakeland, Polk County, Florida.

1

3.  Individual Education Plan Academy, Inc.("IEPA") is a Florida not for profit corporation doing business under the fictitious name Lakeland Christian Preparatory School IEP in Lakeland, Polk County, Florida. IEPA uses an address of 3151 Combee Road, Lakeland, Florida 33801.

## JURISDICTION AND VENUE

4.  This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367 in that this action arises under Acts of Congress relating to trademarks, and the claims under state law are joined with substantial and related claims brought under the trademark laws.

5.  Venue is proper in this district under 28 U.S.C. § 1391(a)-(c) as a substantial part of the events giving rise to the claims occurred in this district.

## LAKELAND CHRISTIAN SCHOOL

6.  Lakeland Christian School is a highly respected and nationally-known and famous school in Lakeland, Polk County, Florida and is Polk County's oldest and largest private school. Since its founding in 1954, almost seventy (70) years ago, Lakeland Christian School has invested considerable time, effort, and expense in developing the goodwill associated with its name and brand and related services.

7.  By virtue of longstanding and continuous use of its name, Lakeland Christian School, Plaintiff has earned a reputation for quality educational

services in Lakeland and throughout the State of Florida and the name Lakeland Christian School has acquired a secondary meaning in its market.

8. Plaintiff has enjoyed considerable success and recognition in the educational field in Lakeland and in the State of Florida as evidenced by the following awards, recognitions and accolades:

    a. Lakeland Christian School has received the "Best of Central Florida" award from 2016-2020 for private schools.

    b. The RISE Institute at Lakeland Christian School has attracted extremely talented instructors in coding, robotics, entrepreneurship, photography and law based on Lakeland Christian School's national reputation.  The Law and Public Policy arm of the RISE Institute has produced a state championship trial team and has garnered invitations to international competitions in New York and Baltimore. Additionally, the RISE Institute Robotics program continues to win prestigious honors and the Entrepreneurship Division of the RISE Institute at Lakeland Christian School has facilitated the startup of numerous student businesses through mini grants funded by the Institute.

c. Lakeland Christian School's *Engage* magazine has a readership in excess of 7,000 throughout the world, which includes over 2,300 alumni.

d. Lakeland Christian School's athletic programs have won 25 state championships, over 40 regional championships, and over 160 district championships. This legacy of achievement is spread across 42 teams in 14 sports. Lakeland Christian School is noted for its world class athletic facilities including the Roger Evans Athletic Center. Lakeland Christian School's band and choir have won multiple State of Florida Superior level and Excellent level awards and both programs are noted State wide for their excellent performances.

e. The Lakeland newspaper, the Ledger, has named Lakeland Christian School the small school athletic program of the year on numerous occasions.

f. Lakeland Christian School's fine arts programs are noted throughout Florida and visual arts pieces created by Lakeland Christian School students have been featured in the prestigious national United States Congressional Art competition. Most recently, in a juried competition, Lakeland Christian School students won first, second

and third place for large paintings to be permanently installed in the YMCA of West Central Florida.

g. Employers in Lakeland and Polk County seek to hire Lakeland Christian School students, both while those students are attending Lakeland Christian School or after graduation, based upon Lakeland Christian School's reputation and the reputation of students who attend Lakeland Christian School.

9. Plaintiff has also expanded its brand footprint and goodwill by the following community activities and involvement:

a. The Everette Taylor Urban Farm at Mass Market is a program of Lakeland Christian School's RISE Institute. The program supports both education and community outreach objectives and provides opportunities for Lakeland Christian School students to have hands on horticulture experience. This program provides nutritious vegetables for senior citizens and other needy members of the Lakeland and Polk County community.

b. Lakeland Christian School is one of the few schools offering a program that specializes in serving students on the Autism Spectrum. This unique program has helped to highlight the compassion for all

students envisioned by Lakeland Christian School and has brought Lakeland Christian School numerous community accolades.

c. Lakeland Christian School is noted for its community involvement and its Class of 2022, its 50th high school graduating class, invested over 11,500 hours of service to the Lakeland and Polk County community during their attendance at Lakeland Christian School.

d. Lakeland Christian School's *Forging a Firm Foundation Campaign* is nearing completion and will allow Lakeland Christian School to build a new 42,000 square foot high school facility opening in August of 2023. This campaign, supported by donors throughout the United States, will provide 27 classrooms, science labs, a Special Educational suite, guidance offices and space designed to foster a spirit of community between students and faculty. The success of this campaign is evidence of Lakeland Christian School's famous brand and goodwill it has acquired over its almost seventy (70) years of existence.

10. By virtue of its efforts and longstanding and continuous use, Plaintiff's name, Lakeland Christian School, has acquired a special significance so that to the public in Lakeland and in the State of Florida, that descriptive name has come to mean that the educational services provided under the name

Lakeland Christian School are produced by Plaintiff.  As such, the name Lakeland Christian School is famous and has acquired a distinctive secondary meaning.  Plaintiff has extensively advertised the name Lakeland Christian School, used both with and without stylized marks, and the name Lakeland Christian and Lakeland Christian School has become widely and favorably known in Lakeland and throughout the State of Florida to distinguish Lakeland Christian School's educational services.  Consumers of educational services in the State of Florida have come to recognize the Lakeland Christian School brand as synonymous for quality educational services.  The strong reputation of Lakeland Christian School is rooted in a long history of dedicated leadership, institutional integrity, student achievement and multi-generational influence throughout the Lakeland community, the State of Florida, and beyond.

11. Plaintiff Lakeland Christian School is commonly referred to as "Lakeland Christian", and Plaintiff has become known generally throughout Florida as Lakeland Christian, making the likelihood of confusion with Defendants' use of Lakeland Christian before the words Preparatory School even greater, since the words Lakeland Christian have come to be uniquely associated with Plaintiff.  Plaintiff is routinely referred to by the Florida media, including Polk County's largest newspaper, The Ledger, as simply

7

"Lakeland Christian".  Headlines in various print media commonly refer to Plaintiff as "Lakeland Christian".

12. Lakeland Christian School also uses the following  stylized  marks which incorporate the name Lakeland Christian School  in connection with Lakeland Christian School's educational and related services in Lakeland and in the State of Florida:









8







13. Lakeland Christian School's use of the name Lakeland Christian School, with or without stylized marks, has been in use in commerce by Plaintiff for almost seventy (70) years and long before any use by Defendants of the name Lakeland Christian Preparatory School. As such, plaintiff is the senior user of its name and marks.

## DEFENDANTS' INFRINGEMENT

14. On or about 2020 Osceola started doing business in Lakeland under the name Lakeland Christian Preparatory School. On or about November 3

2020, Osceola filed with the State of Florida the fictitious name "Lakeland Christian Preparatory School."  A copy of Osceola's Fictitious Name filing is attached as Exhibit 1 to this Complaint, however said fictitious name filing does not provide Osceola with any rights under federal or Florida law to infringe upon Lakeland Christian School's marks.

15. On or about 2021. IEPA started doing business in Lakeland under the name Lakeland Christian Preparatory School.  On or about March 30, 2022, IEPA filed with the State of Florida the fictitious name "Lakeland Christian Preparatory School IEP".   A copy of IEPA's Fictitious Name filing is attached as Exhibit 2 to this Complaint, however said fictitious name filing does not provide IEPA with any rights under federal or Florida law to infringe upon Lakeland Christian School's marks.

16. Defendants Osceola and IEPA market their educational services on a website located at www.lakelandchristianprep.com.

17. Defendants' use of the name Lakeland Christian Preparatory School infringes on Lakeland Christian School's rights and its use of that name is likely to cause confusion or mistake or to deceive as to the source or origin of the services rendered by Defendants, and as to the possible affiliation of Defendants with Plaintiff or sponsorship of Defendants by Plaintiff.

Defendants infringing activities are without the consent of Plaintiff and are in derogation of Lakeland Christian School's rights.

18. On June 3, 2022, counsel for Plaintiff notified IEPA and Lakeland Christian Preparatory School by letter that their use of the name Lakeland Christian Preparatory School in competing educational services is a violation of Lakeland Christian School's rights under applicable trademark laws.   A copy of the June 3, 2022, letter is attached as Exhibit 3 to this Complaint.   In said letter, Plaintiff demanded, among other things, that Defendants immediately cease use of the infringing name Lakeland Christian Preparatory School and cease using any marks containing said name or which are similar to Lakeland Christian School's marks.   Plaintiff's counsel indicated in said letter that Lakeland Christian School, had no objection to Defendants using the name Lakeland Preparatory School or a word other than Lakeland preceding the words Christian Preparatory School, however the combination of words Lakeland, Christian, and School, used together, constitute infringement of Lakeland Christian School's trademark rights.

19. On or about June 15, 2022, counsel for defendant Osceola responded to Plaintiff's counsel and asserted that the name Lakeland Christian School is incapable of acquiring distinctiveness and that Osceola is "well within its right to use the words "Lakeland", "Christian" and "School" in its name.   A

copy of said letter of June 15, 2022, is attached as Exhibit 4 to this Complaint. In said letter counsel for Osceola asserted that Plaintiff's counsel's statement that customers of Lakeland Christian School "are very likely to be confused" by Defendants' use of the name Lakeland Christian Preparatory School was without merit since there were no examples of confusion provided in Plaintiff's counsel's letter of June 3, 2022.  Counsel for defendant Osceola stated "[T]he lack of actual confusion is compelling evidence that there is no likelihood of confusion."

20. On or about June 22, 2022, Counsel for Plaintiff Lakeland Christian School responded to the June 15, 2022 letter and provided approximately twenty (20) recent documented examples of actual confusion.  A copy of the June 22, 2022 letter containing the incidents of actual confusion is attached as Exhibit 5 to this Complaint.

21. Despite the letters of June 3, 2022 and June 22, 2022, Defendants have indicated that they are unwilling to change the name they are marketing and doing business under (Lakeland Christian Preparatory School) and as such, will continue to violate Lakeland Christian School's trademark rights unless enjoined by this Court.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT & FALSE DESIGNATION OF ORIGIN
## &
## FEDERAL FALSE ADVERTISING
## UNDER 15 U.S.C § 1125  (SECTION 43(a) OF THE LANHAM ACT)

22. Plaintiff re-alleges each and every allegation in paragraphs one (1) through twenty-one (21) as fully set forth herein.

23. Defendants use the name Lakeland Christian Preparatory School in connection with its sale, offering or sale, and advertising of identical and competing educational services in the Lakeland and in the State of Florida. The name Lakeland Christian Preparatory School is confusingly similar with Plaintiff's name, Lakeland Christian School.

24. Defendants' use of the name Lakeland Christian Preparatory School without Lakeland Christian School's consent constitutes trademark infringement.

25. Defendants' use of the name, Lakeland Christian Preparatory School has caused actual confusion in the market and is likely to continue to cause confusion.

26. Defendants acted intentionally and with actual knowledge that, or with reckless disregard, as to whether its conduct infringes upon Lakeland Christian School's rights.

27. Defendants' use of the infringing name, Lakeland Christian Preparatory School, is willful as it adopted Plaintiff's name, Lakeland Christian School, with notice and actual knowledge of Lakeland Christian School's famous name and marks.

28. Defendants' acts of infringement have and are causing actual damage and irreparable harm to Lakeland Christian School, for which legal remedies are inadequate.   Therefore, in addition to monetary remedies, Lakeland Christian School seeks injunctive relief to permanently bar Defendants from the use of the name Lakeland Christian Preparatory School in commerce in connection with its educational services.

29. The Defendants' actions in adopting a name that is confusingly similar to Lakeland Christian School's name and marks have caused and are likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of the Defendants and the services offered by the Defendants using their confusingly similar name and marks, and thus constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

30. The Defendants' actions also constitute false and misleading advertising by misrepresenting the nature, characteristics, and/or qualities of the Defendants' services, in violation of Section 43(a)(1)(B).

31. As a result of Defendants' conduct, Lakeland Christian School has been damaged.

32. The Defendants' conduct has enabled Defendants to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched them, all to the Defendants' profit and to Lakeland Christian School's damage.

33. The Defendants' conduct in violation of 15 U.S.C. § 1125 has further caused and, unless permanently enjoined, will continue to cause irreparable damage to Plaintiff in the form of lost goodwill, diminished reputation, and increased costs, and Lakeland Christian School will lose control over its valuable name and marks.

34. The threatened continued injury to Lakeland Christian School outweighs whatever damage the requested injunction may cause the Defendants, because: (a) the Defendants have used the name and any marks for a much shorter period of time; (b) the Defendants have no legitimate interest in the continued use of the name and marks similar to Lakeland Christian School's name and marks; and (c) a permanent injunction will merely enjoin Defendants from conducting business in a manner already prohibited by law.

35. The public interest will be furthered by the granting of a permanent injunction because trademark laws were designed to prevent consumer confusion.

## COUNT II
## FEDERAL TRADEMARK DILUTION
## UNDER 15 U.S.C. 1125

36. Plaintiff re-alleges each and every allegation in paragraphs one (1) through twenty-one (21) as fully set forth herein.

37. Plaintiff's name, Lakeland Christian School has been used, advertised, and promoted extensively by Lakeland Christian School for over 70 years and consequently is a famous name that is distinctive and known throughout Florida. Lakeland Christian School's marks have also become distinctive and famous and known throughout the State of Florida.

38. The Defendants were aware of the fame of Lakeland Christian School's name and marks and the Defendants began using the confusingly similar name and mark Lakeland Christian Preparatory School long after Plaintiff's name, Lakeland Christian School and marks became famous.

39. The Defendants have used the similar Lakeland Christian Preparatory School name in commerce in advertising and on its website, seen throughout Florida and the United States.

40. The Defendants' use of trademarks in commerce similar to Lakeland Christian School's name and marks for identical educational services is likely to cause dilution by blurring and/or by tarnishment of Lakeland Christian School's famous name and marks, in violation of 15 U.S.C. § 1125(c) and such dilution will continue and worsen unless enjoined by this Court.

41. As a result of the Defendants' conduct, Lakeland Christian School has been damaged.

42. The Defendants' conduct has enabled them to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched them, all to the Defendants' profit and to Lakeland Christian School's damage.

43. The Defendants' conduct in violation of 15 U.S.C. § 1125(c) has further caused and, unless permanently enjoined, will continue to cause, irreparable injury to Lakeland Christian School in the form of lost goodwill, diminished reputation, and increased costs, and Lakeland Christian School will lose control over its valuable name and marks.

44. The threatened continued injury to Lakeland Christian School outweighs whatever damage the proposed injunction may cause the Defendants, because: (a) the Defendants have used their name and service marks for a

much shorter period of time; (b) the Defendants have no legitimate interest in the continued use of a name and service marks similar to Lakeland Christian School's name and mark; and (c) a permanent injunction will merely enjoin the Defendants from conducting business in a manner already prohibited by law.

45. The public interest will be furthered by the granting of the permanent injunction because trademark laws were designed to prevent consumer confusion.

## COUNT III
## TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW

46. Plaintiff re-alleges each and every allegation in paragraphs one (1) through twenty-one (21) as fully set forth herein.

47. Defendants' use of the name Lakeland Christian Preparatory School in connection with the delivery of educational services in  Lakeland, and the State of Florida, is unauthorized by Lakeland Christian School  and has, and is likely to continue to cause confusion, to cause mistake, or to deceive.  In fact, Defendants'' use of the name Lakeland Christian Preparatory School has in the past and continues to cause confusion and mistake, as evidenced by the examples of confusion and mistake set forth in Exhibit 5.

48. Defendants' use of the name Lakeland Christian Preparatory School in connection with the delivery of educational services in Lakeland and the State of Florida is likely to cause confusion, mistake, and deception among customers of Plaintiff as to whether Defendants' educational services are endorsed by, are connected with, are authorized by, or are otherwise associated with Lakeland Christian School.

49. Defendants' willful and intentional conduct, including the use of the name Lakeland Christian Preparatory School, constitutes trademark infringement under common law.

50. Defendants' willful and intentional conduct, including the use of the name Lakeland Christian Preparatory School, constitutes trademark infringement as to Lakeland Christian School's superior rights under Florida common law, and has caused and will continue to cause Lakeland Christian School to incur damage.

51. Defendants' willful and intentional conduct, including the use of the name Lakeland Christian Preparatory School, is causing immediate and irreparable harm and injury to Lakeland Christian School, and to its goodwill and reputation, and will continue to both damage Lakeland Christian School and confuse the public unless enjoined by this court. In that regard, Plaintiff has no adequate remedy at law.

52. Plaintiff is entitled to, among other relief, an award of actual damages, injunctive relief, Defendants' profits and attorney's fees and court costs.

## COUNT IV
## UNFAIR COMPETITION UNDER FLORIDA COMMON LAW

53. Plaintiff re-alleges each and every allegation in paragraphs one (1) through twenty-one (21) as fully set forth herein.

54. By misappropriating and using the confusingly similar name, Lakeland Christian Preparatory School, without authority from Lakeland Christian School, Defendants have falsely designated and falsely represented that the educational services they promote, advertise, offer for sale, sell and/or distribute originate from, are endorsed by, are connected with, are authorized by, or are otherwise associated with Lakeland Christian School.

55. Defendants have engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce which constitutes trademark infringement, false advertising, and unfair competition in violation of the laws of the State of Florida.

56. Defendants' actions have been willful and deliberate, and are intended to benefit Defendants at Lakeland Christian School's expense.

57. As a direct and proximate result of Defendants' willful and intentional conduct, Lakeland Christian School has suffered damages in an amount to be determined at trial.  Defendants' actions have caused, and will continue to cause, irreparable harm to Lakeland Christian School, and will continue to harm Lakeland Christian School unless enjoined.

58. Defendants are realizing profits and will continue to realize profits from their unlawful actions.

59. Defendants' willful and intentional conduct constitutes unfair competition under Florida common law.

60. Lakeland Christian School is entitled to an award of actual damages and such other relief as the Court may deem proper.

## COUNT V
## UNFAIR COMPETITION UNDER FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

61. Plaintiff re-alleges each and every allegation in paragraphs one (1) through twenty-on (21) as fully set forth herein.

62. Defendants knowingly and willfully reproduced, copied, or imitated Lakeland Christian School's name and marks in selling, offering for sale, marketing and/or advertising their educational services and products in connection with the similar name and trademark, Lakeland Christian Preparatory School.

63. By misappropriating and using the confusingly similar name, Lakeland Christian Preparatory School,  without authority from Lakeland Christian School, Defendants have falsely designated and falsely represented that the educational services they promote, advertise, offer for sale, sell, and/or distribute originate from, are endorsed by, are connected with, authorized by, or otherwise are associated with Lakeland Christian School.

64. Defendants have engages in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade and commerce.

65. Defendants' actions have been willful and deliberate, and are intended to benefit defendants at Lakeland Christian School's expense.

66. Defendants' actions, as alleged herein, are violations of the Florida Deceptive and Unfair Trade Practices Act [Sections 501.201 to 501.213, Florida Statutes].

67. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial.   Defendants' actions have caused, and will continue to cause, irreparable harm to Plaintiff, and will continue to so harm Plaintiff unless enjoined.

68. Defendants are realizing profits and will continue to realize profits from their unlawful actions.

69. Plaintiff is entitled to an award of actual damages, attorney's fees, and such other relief as the Court may deem proper under the circumstances.

## COUNT VI
## DILUTION UNDER FLORIDA STATUTE 495.151

70. Plaintiff re-alleges each and every allegation set forth in Paragraphs one (1) through twenty-one (21) above as if fully set forth herein.

71. Lakeland Christian School's name has been used, advertised, and promoted extensively by it for over 70 years and consequently is a famous name and its marks have become known throughout Florida.

72. The Defendants were aware of the fame of Lakeland Christian School's name and marks and the Defendants began commercially using the confusingly similar name and trademarks, Lakeland Christian Preparatory School long after Lakeland Christian School's name and marks became famous.

73. The Defendants have used the similar name, Lakeland Christian Preparatory School, as a service mark in advertising and on websites, seen throughout Florida and the United States.

74. The Defendants' willful use of name and trademarks similar to Lakeland Christian School's name and marks for identical services is likely to cause dilution of the distinctive quality of Lakeland Christian School's famous name and marks, in violation of Section 495.151, *Florida Statutes*, and such dilution will continue and worsen unless enjoined by this Court.

75. As a result of the Defendants' conduct, Lakeland Christian School has been damaged.

76. The Defendants' conduct has enabled them to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched them, all to the Defendants' profit and to Lakeland Christian School's damage.

77. The Defendants' conduct in violation of Section 495.151, *Florida Statutes*, has further caused and, unless permanently enjoined, will continue to cause, irreparable injury to Lakeland Christian School in the form of lost goodwill, diminished reputation, and increased costs, and Lakeland Christian School will lose control over its valuable name and marks.

78. The threatened continued injury to Lakeland Christian School outweighs whatever damage the proposed injunction may cause the Defendants, because: (a) the Defendants have used their name and service marks for a much shorter period of time; (b) the Defendants have no legitimate interest

in the continued use of the name and service marks similar to Lakeland Christian School's name and marks; and (c) a permanent injunction will merely enjoin the Defendants from conducting business in a manner already prohibited by law.

79. The public interest will be furthered by the granting of the permanent injunction because trademark laws were designed to prevent consumer confusion.

WHEREFORE, Lakeland Christian School, Inc. requests that this Court enter judgment against Defendants as follows:

a. For an Order of this Court enjoining all infringing use by Osceola Christian Preparatory School, LLC and Individual Education Plan Academy, Inc. of Lakeland Christian School's name and marks, confusingly similar thereto, including their use of the name Lakeland Christian Preparatory School;

b. For an Order of this Court directing the destruction of Osceola Christian Preparatory School, LLC and Individual Education Plan Academy, Inc.'s advertising and promotional materials and signage bearing the name Lakeland Christian Preparatory School;

c. For an Order requiring Osceola Christian Preparatory School, LLC and Individual Education Plan Academy, Inc. to provide an accounting of

profits, leases, sales, and contracts made, entered into, or to be made and entered into from the time Defendants began using the name Lakeland Christian Preparatory School.

d.  All remedies permitted by 15 U.S.C. § 1117 and 1125 (c), including, but not limited to, recovery of profits made by Osceola Christian Preparatory School, LLC and Individual Education Plan Academy, Inc. with Lakeland Christian School, Inc.'s damages to be trebled, and for Plaintiff's reasonable attorney's fees, and the costs of this action.

e.  All remedies permitted under Florida law;

f.  An award of pre-judgment interest; and

g.  Such other and further relief as this Court may deem just and proper.

PETERSON & MYERS, P.A.

By: _____
Robert E. Puterbaugh, Esquire
Florida Bar No. 120371
Post Office Box 24628
Lakeland, Florida 33802-4628
Telephone: (863) 683-6511
Facsimile: (863) 682-8031
Rputerbaugh@petersonmyers.com
Attorney for Plaintiff